THOMAS WALSH, PATRICK FLYNN and JOHN VAUGHAN *vs.* THE STATE OF MARYLAND, use of MARY WALSH, and others. SAME *vs.* SAME.

*Pleading and Practice—Appeals—Objection to One Suit on a Guardian's Bond for several Wards, under sec. 156, of Art. 93 of the Code—If such Objection were good, how and when it should be made.*

An appeal lies from an order overruling a motion to strike out for cause, a verdict of a jury of inquisition and judgment thereon.

One action may be brought in the name of the State for the use of several wards, on one bond, given by their guardian under sec. 156, of Art. 93 of the Code.

Even if an objection to such an action were good, it should be made by demurrer or plea in abatement, and could be no sufficient cause for striking out a judgment upon an inquisition after judgment by default.

An appeal taken on the 25th September, 1879, from a judgment by default rendered the 10th October, 1878, is too late.

APPEALS from the Superior Court of Baltimore City.

This is an appeal from an order of the Superior Court of Baltimore City, overruling a motion by the appellants to set aside an inquisition and judgment.

The action was instituted the 2nd July, 1878, in the name of the State of Maryland, for the use of Mary Walsh, Margaret Walsh, Kate Walsh and John Walsh, against Thomas Walsh, Patrick Flynn and John Vaughan, upon their bond, conditioned for the faithful performance of the duties of guardian, by the said Thomas Walsh, for his wards, the equitable plaintiffs. The *narr.* set forth that the said Thomas had not performed his duty as guardian, and that he had passed, on the 22nd June, 1878, his accounts in the Orphans' Court of Baltimore County,

showing the sum of $814 to be due to each one of his said wards, and that it then and there became and was the duty of said Thomas Walsh to pay over to each one of his said wards the sum of $814, yet the said Thomas had failed to pay over to any one of his said wards the sum due to each of them, or any part thereof.

All the defendants were duly summoned to the July Rule day, 1878; and being in default, judgment by default against them was, on motion of the plaintiff, rendered at the September Term, 1878, with leave to the plaintiff to execute a writ of inquiry at bar.

On the 21st October, 1878, a jury of inquisition was sworn, (the defendants having been each personally served on the 12th October, 1878, with notice that the writ would be executed,) and they returned to the Court an inquisition which was duly filed, whereby they did "find and assess the damages sustained by the said plaintiff at the sum of $3256, of which the sum of $814 is for the use of Mary Walsh, and the sum of $814 is for the use of Margaret Walsh, and the sum of $814 is for the use of Kate Walsh, and the sum of $814 for the use of John Walsh; as also the sum of $50 cost of suit." Thereupon on the same day the Court rendered judgment in favor of the plaintiff for the sum of $3256, with interest and costs, apportioned as aforesaid.

On the 7th January, 1879, the defendant Thomas Walsh appeared by attorney and moved to strike out the verdict and judgment for the following reasons: 1st, surprise; 2nd, alleged infancy of plaintiffs; 3rd, that separate suits should have been brought by each of said equitable plaintiffs.

On the 6th June, 1879, the Court overruled this motion; and from this order the defendant Walsh appealed.

On the 25th September, 1879, the defendant also prayed an appeal from the judgment by default and the final judgment.

Walsh, *et al. vs.* State, use of Walsh.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, ROBINSON and IRVING, J.

*Frederick J. Brown* and *G. Morris Bond,* for the appellants.

The Court below should, for errors and defects apparent on the record, have refused to enter up judgment by default and final judgment in this cause, and should have granted the motion of the defendants to strike out the same. The defects shown by the record are:

1st. That the equitable plaintiffs being infants, as *prima facie* shown by the record, the suits should have been brought by next friend, and not by attorney.

2nd. That said equitable plaintiffs had no such joint interest as would have entitled them to join as plaintiffs in the suit. But that they had separate and distinct interests in the subject-matter of this suit, and that *not one but four* separate and distinct actions should have been brought for their benefit by the State against said defendants, and the verdict and final judgment in this case were therefore erroneous and unwarranted in law. 1 *Chitty on Pleadings,* 10; 2 *Chitty on Contracts,* (*11th Am. Ed.,*) 1340, 1346, 1351; *Slater vs. Magraw,* 12 *G. & J.,* 265; *Barr vs. White,* 22 *Md.,* 259; *Whiting vs. Cook,* 8 *Allen,* 63; *Gott vs. The State,* 44 *Md.,* 319; *Hinkley's Testamentary Law,* 572; *Barbour on Parties,* 31.

An appeal will lie from an order of Court overruling a motion to strike out a judgment by default, and final judgment thereon. *Stanly vs. Keady,* 29 *Md.,* 361; *Hall vs. Holmes,* 30 *Md.,* 558; *King vs. Hicks,* 32 *Md.,* 460; *Merrick vs. B. & O. R. Co.,* 33 *Md.,* 481.

*M. R. Walter,* for the appellee, filed the following brief.

The reasons assigned are insufficient to set aside the inquisition and judgment. There is no evidence of surprise or infancy, and the bond having been executed in

conformity with sec. 156 of Art. 93 of the Code, the suit was properly brought. That section is as follows:

"The Orphans' Court may, when they deem it expedient, approve and accept of one guardian bond where the same person is appointed guardian to any number of infants who may be entitled to portions of the same estate, instead of separate bonds for each ward; provided that nothing herein contained shall be construed so as to interfere with any remedies against such bonds, but the same shall be liable to suit by all or either of the wards therein named, or their representatives, as fully as separate guardian bonds."

But even if one or more of the equitable plaintiffs were infants when the action was instituted, or even if separate suits ought to have been brought, it was too late to make any such objections after judgment by default and final judgment upon inquisition. These objections should have been made before judgment by plea in abatement or by demurrer.

The judgment by default determines the plaintiff's right to recover, and is as binding as any other judgment. *Cooper vs. Roche,* 36 *Md.,* 566; *Stansbury vs. Keady,* 29 *Md.,* 368; *Green vs. Hamilton,* 16 *Md.,* 317; *Mailhouse vs. Inloes,* 18 *Md.,* 328.

The judgment is not here for review upon this appeal, and this Court cannot go behind it to examine into and determine upon the correctness of the proceedings—a motion to strike out a judgment is entirely different from a motion in arrest or a motion for a new trial. *Stansbury vs. Keady,* 29 *Md.,* 368.

The verdict of a jury upon an inquisition is not open for examination on appeal, and the amount found by inquisition is as effectual as a verdict upon issues. *Cooper vs. Roche,* 36 *Md.,* 566; *Brown vs. Kemper,* 27 *Md.,* 672.

BRENT, J., delivered the opinion of the Court.

At the argument of this case the Court declined to hear the counsel for the appellee, and intimated that the ruling appealed from would be affirmed.

We think that the appeal lies in this case, as the motion to strike out is for cause, and that it is not within the decision of *Townsend vs. Chew*, 31 *Md.*, 249. There the motion was made before the term expired, and the judgment having been stricken out, it was held to be within the discretion of the Court, because within the term at which the judgment was rendered. But even in that case an appeal would lie if the motion to strike out was for cause, and was overruled by the Court.

The objection that one of the plaintiffs was an infant cannot be maintained. There is no proof that such is the fact from anything to be found in the record.

The objection that separate suits ought to be brought cannot be maintained. The action is brought in the name of the State, under Art. 93, sec. 156, of the Code. That section provides that a guardian may give one bond, where there are several wards entitled to portions of the same estate, and that said bond shall be liable to suit *by all* or either of the wards named therein. Under the language of this section, which seems to be too plain to admit of but one construction, we think this suit is properly brought. It alters in this respect the rule of pleading contended for by the appellants' counsel, which would otherwise require the suits to be brought in severalty upon the ground of separate and distinct interests in the subject-matter of the suit.

But even if this were not so, the objection came too late. It would have been ground for demurrer or a plea in abatement. It is no sufficient cause for striking out a judgment upon an inquisition after judgment by default, which determines the plaintiff's right to recover.

There is nothing in the record to support the objection that the judgment was a surprise, technically speaking,

to the defendants. On the contrary, the record shows that actual notice was served upon each of the defendants on the 12th of October, 1878, of the intention to take an inquisition in the case.

We see no reason which could justify the Court in ordering this judgment to be stricken out. The refusal to do so will therefore be affirmed.

*Rulings of the*
*Court affirmed.*

(Decided 1st April, 1880.)


In the second appeal the motion to dismiss must prevail. This appeal is from the judgment by default, which was rendered on the 10th of October, 1878. The appeal from it was not taken until the 25th of September, 1879, and is therefore too late.

*Appeal dismissed.*

(Decided 1st April, 1880.)